IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AERONAUTICAL TITLE AND ESCROW SERVICE, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-23-756-SLP ) |
| SHENZHEN ZHONGTIAN HENGYE, INTERNATIONAL TRADE CO., LTD., and KAHUA CAPITAL, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court are the following Motions of Defendant Shenzhen Zhongtian Hengye International Trade Co., Ltd. (Shenzhen): (1) Motion for Reconsideration of Order Granting Amended Motion for Alternative Service [Doc. No. 1-7]; and (2) Motion to Dismiss [Doc. No. 4]. Plaintiff, Aeronautical Title and Escrow Service, LLC (AeroTitle) has responded to the Motions, *see* [Doc. Nos. 9 and 15], and Shenzhen has replied to the Motions, *see* [Doc. Nos. 14 and 17]. Additionally, Defendant Kahua Capital, LLC (Kahua) has filed a Notice [Doc. No. 16] and joins in AeroTitle's response to Shenzhen's Motion for Reconsideration. The matter is fully briefed and ready for decision. For the reasons that follow the Motions are DENIED.

**I.      Background/Relevant Procedural History**

AeroTitle initiated this interpleader action in Oklahoma state court. The action arises from an aircraft purchase transaction negotiated between Shenzhen and Kahua. AeroTitle served as escrow agent on the transaction and Kahua deposited with AeroTitle

funds in excess of 2 million dollars. The sale of the aircraft was not completed and a dispute has arisen as to who is entitled to the funds held in escrow.

Prior to removal, AeroTitle requested permission from the state district court to serve Shenzhen by email, relying on Okla. Stat. tit. 12, § 2004(C)(6). *See* Am. Mot. for Alternative Service [Doc. No. 1-4]. On August 7, 2023, the state district court granted the request. *See* Order [Doc. No. 1-5]. AeroTitle served Shenzhen on that same day. *See* Proof of Alternative Service [Doc. No. 1-6]. On August 17, 2023, Shenzhen requested the state district court to reconsider its order granting AeroTitle's request for service by email. *See* Mot. for Reconsideration [Doc. No. 1-7]. The state district court set the matter for hearing but prior to the hearing, Shenzhen removed the action to this Court. *See* Notice [Doc. No. 1].

Shenzhen then filed the pending Motion to Dismiss and, in compliance with LCvR 81.2, timely filed a Notice of Pending Motion [Doc. No. 13] with respect to the pending Motion to Reconsider.

## II.     Discussion

### A.    Motion to Reconsider

The Court first addresses Defendant Shenzhen's Motion to Reconsider. A motion to reconsider is not expressly recognized by the Federal Rules of Civil Procedure. *See, e.g., Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007); *Hatfield v. Bd. of Cnty. Comm'rs. for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nonetheless, an interlocutory order may be revised at any time prior to the entry of a final judgment as part of the inherent

powers of a district court. *See Warren*, 507 F.3d at 1243; *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *Van Skiver*, 952 F.2d at 1243.

Shenzhen's Motion identifies no intervening change in the controlling law nor new evidence previously unavailable. Instead, Shenzhen argues that "Plaintiff has failed to make reasonable attempts to effectuate service on Shenzhen and the Court's Order granting alternative service is inconsistent with the applicable mandatory international standards of service." Mot. at 3. Although not expressly articulated, it appears Shenzhen contends reconsideration is necessary to prevent clear error or manifest injustice.

Shenzhen is an international company existing under the laws of the People's Republic of China with its principal place of business in China. As set forth, prior to removal, the state district court directed alternative service by email pursuant to Okla. Stat. tit. 12, § 2004(C)(6). And the record reflects service was complete prior to removal of this action. *See* Proof of Alternative Service [Doc. No. 1-6]. Accordingly, whether service was perfected is determined by Oklahoma state law. *Palzer v. Cox Okla. Telecom, LLC*, 671 F. App'x 1026, 1028 (10th Cir. 2016) (citing *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010)).

Section 2004(C)(6), which governs "service by other methods," to include service on a foreign corporation, provides in relevant part:

> If service cannot be made by personal delivery or by mail . . . a defendant may be served as provided by court order in a manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard and upon filing an affidavit by the plaintiff or plaintiff's attorney that with due diligence service cannot otherwise be made upon the defendant.

Okla. Stat. tit. 12, § 2004(C)(6). Oklahoma does not require strict compliance, but rather substantial compliance with its rules governing service of process. *Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991).

Shenzhen directs little attention to the governing Oklahoma statute. Shenzhen concedes that "service by personal delivery and mail were not possible methods of service in this instance[.]." Mot. at 4. Moreover, Shenzhen does not argue that service by email was not "reasonably calculated to give [it] actual notice of the proceedings and an opportunity to be heard." Thus, Shenzhen concedes it has received both actual notice and an opportunity to be heard.

Shenzhen seeks reconsideration focused solely on the "due diligence" component of § 2004(C)(6). According to Shenzhen, Plaintiff was required to first attempt service under the methods proscribed by the Hague Convention.[1] Absent this effort, Shenzhen argues Plaintiff has failed to show due diligence. Shenzhen cites no Oklahoma law addressing what constitutes "due diligence" in the context of service of process. Rather, Shenzhen points to Fed. R. Civ. P. 4(f)(3) as "the related federal counterpart for service of

---

[1] Reference to the Hague Convention is to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Hague Convention). The United States and China are both signatories to the Hague Convention.

a defendant in a foreign country" and case law interpreting the rule.  *See* Mot. at  2.  The Court directs its analysis accordingly.

In conjunction, Rules 4(f) and 4(h) of the Federal Rules of Civil Procedure govern service of a foreign corporation.[2]  Rule 4(f)(1) provides that a foreign defendant may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention [.]"  Rule 4(f)(3) further provides that service may be made "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).

In accord with other federal district courts in the Tenth Circuit, the Court rejects Shenzhen's argument that service under Rule 4(f)(3) is only permitted after a failed attempt under Rule 4(f)(1).  *See Nat'l Cas. Ins. Co. v. W. Express, Inc*., No. CIV-15-1222-R, 2017 WL 2241536 at *2 (W.D. Okla. 2017) ("The Court declines to adopt Defendant's position that service under Rule 4(f)(3) is permitted only after one or more unsuccessful attempts under Rule 4(f)(1) or (f)(2)."); *Estate of Kirkland by and through Kirkland v. Hexaware Techs., Inc*., No. CIV-19-411-RAW, 2020 WL 10505777 (E.D. Okla. May 22, 2020) ("The argument that service under Rule 4(f)(3) is only permitted after a failed attempt under Rule 4(f)(1) [strict compliance with the Hague Convention] or Rule 4(f)(2) [service in the absence of internationally agreed means] has been rejected."  Therefore plaintiff may resort to alternative methods of service." (citations omitted)); *Carillo v. Black Diamond Equip.,*

---

[2] Under Rule 4(h), a corporation "at a place not within any judicial district of the United States," (i.e., a corporation in a foreign country) must be served in any manner authorized by Rule 4(f), except personal delivery.  Fed. R. Civ. P. 4(h)(2).

5

*Ltd.*, No. 23-CV-115-S, 2023 WL 5312089 at *1 (D. Wyo. July 25, 2023) ("There is no hierarchy among the subsections in Rule 4(f).  Court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1).  Service under Rule 4(f)(3) is neither a last resort nor extraordinary relief." (citations omitted)).

Similarly, numerous district courts within the Tenth Circuit have rejected Shenzhen's argument that service by email is invalid because it is prohibited by the Hague Convention and further found that service by email complies with Rule 4(f)(3).  *See, e.g., Holdings v. Zkouty*, No. 2:22-00529-CMR, 2023 WL 5959309 at *2 (D. Utah Sept. 13, 2023) (collecting cases); *see also Your True Nature, Inc. v. JF Show Store*, No. 23-CV-00107-CNS-NRN, 2023 WL 2355926 at *2 (D. Colo. Feb. 14, 2023) (discussing China's objection to Article 10 of the Hague Convention and, therefore, that "service by postal channels is not permissible under Rule 4(f)(3)", but concluding that service by email "does not constitute service by postal channels" and is, therefore, permissible under Rule 4(f)(3)).

As explained by one district court:

> Article 10 of the Hague Convention states that '[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad.' *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (emphasis in original) (quoting Hague Convention art. 10(a), November 15, 1965).  Because China has objected to Article 10, courts have held that service "by postal channels" to defendants located in China would violate the Hague Convention and thus is not a permitted form of alternative service under Rule 4(f)(3).  *Id*.  Although some courts have held that email constitutes a "postal channel" and thus that service by email is not permitted under Rule 4(f)(3), the majority of courts to consider the issue have held that service by email does not constitute service "by postal channels" and thus is permitted.  *Jackson Lab*. [*v. NanJing Univ*.], 2018 WL 615667, at *4 [D. Me. Jan. 29, 2018] (collecting cases).

*Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QiYi Innovations Tech. Co.*, No. 18-CV-02360-RM-STV, 2018 WL 6589806, at *3 (D. Colo. Dec. 13, 2018).  Under the facts and circumstances of this case, the Court finds these decisions persuasive.[3]

Finally, the Court finds that service of Defendant Shenzhen by email does not offend constitutional notions of due process.  Here, "the method of service" authorized by the state district court was "'reasonably calculated, under all the circumstances, to apprise [Shenzhen] of the pendency of the action and afford [Shenzhen] an opportunity to present its objections.'"  *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).[4]

In sum, the Court finds no clear error or manifest injustice as to the state court's order permitting service by email on Shenzhen. Accordingly, the Court finds Shenzhen has failed to establish that reconsideration of the state district court's order is warranted. Shenzhen's Motion to Reconsider, therefore, is DENIED.

### B.   Motion to Dismiss

Defendant Shenzhen moves for dismissal for insufficient service or process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  In moving for dismissal, Shenzhen does not contend that, to the extent the state district court properly directed

---

[3] The Tenth Circuit has not ruled on the issue.  *See* *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1295, n. 5 (10th Cir. 2020) (noting that the parties "have not briefed whether an objection to Article 10 of the Hague Service Convention prohibits service by email" and "express[ing] no view on that issue.").

[4] Notably, Shenzhen's Motion is silent with respect to any concerns of lack of notice of the pendency of this action or an inability to present its objections.

service by email, that email service is somehow defective. Instead, Shenzhen's argument is directed to whether alternative service should have been permitted in the first instance. For the reasons discussed in addressing Shenzhen's Motion to Reconsider, the Court finds the state district court properly granted leave to serve Shenzhen by email. Accordingly, Shenzhen's Motion to Dismiss is DENIED.

### III. Conclusion

IT IS THEREFORE ORDERED that the following Motions of Defendant Shenzhen Zhongtian Hengye International Trade Co., Ltd. (Shenzhen): (1) Motion for Reconsideration of Order Granting Amended Motion for Alternative Service [Doc. No. 1-7]; and (2) Motion to Dismiss [Doc. No. 4] are DENIED.

IT IS SO ORDERED this 1st day of November, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE